# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | } | |
| | } | |
| v. | } | Case No. 5:24-cr-149-LCB-HNJ |
| | } | |
| **DAVID EDWARD COLLIER, II** | } | |

## SCHEDULING ORDER AND NOTICE

This Order and Notice applies to cases that will be scheduled on the **Monday, July 1, 2024** Trial Docket. Consent Dockets will be held by the judges on the following dates:

| | |
|---|---|
| **Judge Coogler** | June 25, 2024 Tuscaloosa, AL |
| | June 26, 2024 Birmingham, AL |
| **Judge Proctor** | June 27, 2024 |
| **Judge Haikala** | June 24, 2024 |
| **Judge Axon** | June 25, 2024 |
| **Judge Burke** | June 26, 2024 |
| **Judge Maze** | June 21, 2024 Anniston, AL |
| **Judge Manasco** | June 24, 2024 |

## PRETRIAL MOTIONS:

1. The defendant is **DIRECTED** to file any appropriate motions within the scope of Rules 12(b)(2) or (3) not later than **Monday, June 17, 2024**, unless otherwise ordered. The government must file a written response to such a motion not later than **Monday, June 24, 2024,** unless otherwise ordered. No motion may be filed after the deadline absent an express statement of good cause for the delay and a statement of reasons. No motion for an extension of time in which to file

pretrial motions will be considered in the absence of express factual allegations establishing good cause for delay.  No extensions will be granted to a party unless there is complete compliance with paragraphs 1 and 2 above.

2. The motion of any party **MUST** comply with Rules 47(b) and (c).

## SPECIAL PRETRIAL MOTIONS

3. A motion by the government pursuant to Rule 12.1(a)(1) (alibi) must be made not later than **Monday, June 17, 2024.**  In the event the government makes such a request, the defendant's written response is due not later than **Monday, June 24, 2024**.

4. If deemed necessary, the defendant is **DIRECTED** to file any motion or notice described in Rule 12.2(a) or (b) (insanity or mental condition) not later than **Monday, June 17, 2024**.  A motion to determine a defendant's competency under 18 U.S.C. § 4241 or the defendant's mental state at the time the offense was allegedly committed under 18 U.S.C. § 4242 must be filed by **Monday, June 17, 2024**, accompanied by the statement of the reasonable grounds for concluding relief is warranted.

## SCHEDULING-PRELIMINARY RULE 17.1

The parties are **DIRECTED** to contact the undersigned magistrate judge via Stephanie Buhler by email at stephanie_buhler@alnd.uscourts.gov to conduct a preliminary Rule 17.1 conference, if necessary.  An attorney for each party is to participate unless otherwise agreed in advance by the parties that one lawyer may

communicate with the court on behalf of both parties. The telephone conference is to take place on the earliest practical business day the lawyers are able to determine whether the case is to be placed on the consent docket or be scheduled for trial but, in any case, not later than **3:00 p.m.** on **Monday, June 17, 2024.** It is not necessary to schedule a time for the call. The purpose of the preliminary Rule 17.1 telephone conference is to inform the court of:

(1) Whether the defendant requests placement on a consent docket for the purpose of change of plea;

(2) Whether the defendant will go to trial and the estimated trial length; and

(3) Whether motions are pending under Rule 12(b)(2), *Federal Rules of Criminal Procedure*, Rule 12.2, *Federal Rules of Criminal Procedure*, 18 U.S.C. § 4241, 18 U.S.C. § 4242, or if potential hearings will be necessary for motions filed in accord with Rule 12(b)(3)(A), (B), (C), and (D).

The case will be set on the consent docket by the courtroom deputy to the district judge assigned to the matter upon receiving notice that a plea is anticipated. Not later than **Monday, June 24, 2024**, it is the responsibility of the Assistant United States Attorney and defense counsel to notify Stephanie Tolen at Stephanie_Tolen@alnd.uscourts.gov or call 256-551-2533 of any scheduling conflict or other problem.

**In the event a defendant elects not to enter a plea for any reason, the defense lawyer is DIRECTED to notify the courtroom deputy for the district**

**judge as early as possible <u>PRIOR</u> to the consent docket date in order to schedule the case for trial term beginning Monday, July 1, 2024.**

Counsel to the defendant is **DIRECTED** to ensure that an Advice of Rights Certification, if and as required by the district judge, is completed in accord with the procedures established by that judge. Whether or not the trial judge requires a written Advice of Rights Form, defense counsel is required to fully explain to the defendant the rights to be surrendered with a plea of guilty. **Counsel to the defendant is DIRECTED to ensure that he or she can certify at a change of plea proceeding that there has been a "substantial" discussion with a defendant entering into a plea agreement in which that defendant purports to waive direct appeal and collateral review rights, of the consequences of such a decision, including the advantages and disadvantages of an appeal and the effect of a waiver.**

The parties should be prepared for a Rule 17.1 pretrial conference with the trial judge to be held at the discretion of the court.

**DONE** and **ORDERED**, this 20th day of May, 2024.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE